IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION



FILED
2020 MAR 30 PM 3:05

| | |
|---|---|
| PLANNED PARENTHOOD CENTER FOR CHOICE, PLANNED PARENTHOOD OF GREATER TEXAS SURGICAL HEALTH SERVICES, PLANNED PARENTHOOD SOUTH TEXAS SURGICAL CENTER, WHOLE WOMAN'S HEALTH, WHOLE WOMAN'S HEALTH ALLIANCE, SOUTHWESTERN WOMEN'S SURGERY CENTER, BROOKSIDE WOMEN'S MEDICAL CENTER PA D/BA BROOKSIDE WOMEN'S HEALTH CENTER AND AUSTIN'S WOMEN'S HEALTH CENTER, AND ROBIN WALLACE, M.D., M.A.S., §§§§§§§§§§§§§§§§§§ PLAINTIFFS, § § V. § CAUSE NO. A-20-CV-323-LY § GREG ABBOTT, GOVERNOR OF TEXAS, KEN PAXTON, ATTORNEY GENERAL OF TEXAS, PHIL WILSON ACTING EXECUTIVE COMMISSIONER OF THE TEXAS HEALTH AND HUMAN SERVICES COMMISSION, STEPHEN BRINT CARLTON, EXECUTIVE DIRECTOR OF THE TEXAS MEDICAL BOARD, KATHERINE A. THOMAS, EXECUTIVE DIRECTOR OF THE TEXAS BOARD OF NURSING, EACH IN THEIR OFFICIAL CAPACITY, AND MARGARET MOORE, DISTRICT ATTORNEY FOR TRAVIS COUNTY, JOE GONZALES, CRIMINAL DISTRICT ATTORNEY FOR BEXAR COUNTY, JAIME ESPARZA, DISTRICT ATTORNEY FOR EL PASO COUNTY, JOHN CREUZOT, DISTRICT ATTORNEY FOR DALLAS COUNTY, SHAREN WILSON, CRIMINAL | |

| | |
|---|---|
| DISTRICT ATTORNEY TARRANT | § |
| COUNTY, RICARDO RODRIGUEZ, JR., | § |
| CRIMINAL DISTRICT ATTORNEY | § |
| FOR HIDALGO COUNTY, BARRY | § |
| JOHNSON, CRIMINAL DISTRICT | § |
| ATTORNEY FOR MCLENNAN | § |
| COUNTY, KIM OGG, CRIMINAL | § |
| DISTRICT ATTORNEY FOR HARRIS | § |
| COUNTY, AND BRIAN MIDDLETON | § |
| CRIMINAL DISTRICT ATTORNEY | § |
| FOR FORT BEND COUNTY, EACH IN | § |
| THEIR OFFICIAL CAPACITY, | § |
| DEFENDANTS. | § |

## ORDER GRANTING PLAINTIFFS' REQUEST FOR TEMPORARY RESTRAINING ORDER

Before the court is the above styled and numbered cause. Plaintiffs include several licensed abortion facilities, Robin Wallace, a board-certified family medicine physician who provides abortion care and is co-medical director at Southwestern Women's Surgery Center, who bring this action on behalf of herself and her patients, and other organizations that provide abortion services in the State of Texas. Plaintiffs bring this constitutional challenge, pursuant to Title 42 United States Code section 1983, following the publication of a March 23, 2020 press release by the Texas attorney general titled, "Health Care Professionals and Facilities, Including Abortion Providers, Must Immediately Stop All Medically Unnecessary Surgeries and Procedures to Preserve Resources to Fight COVID-19 Pandemic."[1] The press release interprets the governor of Texas's "Executive Order GA-09 relating to hospital capacity during the COVID-19 disaster" ("Executive Order") signed

---

[1] *Available at* https://www.texasattorneygeneral.gov/news/releases/health-care-professions-and-facilities-including-abortion-providers-must-immediately-stop-all.

2

March 22, 2020.[2] To the extent the attorney general's interpretation is consistent with the Executive Order, Plaintiffs challenge the Executive Order itself. Plaintiffs also challenge the Texas Medical Board's emergency amendment to Title 22 Texas Administrative Code section 187.57 ("Emergency Rule"), which imposes the same requirements as the Executive Order.[3] The Executive Order remains in effect until 11:59 PM on April 21, 2020, at the earliest, or until the governor rescinds or modifies it.

Pending now before the court is Plaintiffs' Motion for Temporary Restraining Order and/or Preliminary Injunction filed March 25, 2020 (Clerk's Document No. 7). The court held a telephone conference on March 26, 2020, at which Plaintiffs and several Defendants participated by counsel. The court granted the State Defendants'[4] request to file a written response to the motion. The State

---

[2] *Available at* https://gov.texas.gov/news/post/govorner-abbott-issues-executive-order-increasing-hospital-capacity-announces-supply-chain-strike-force-for-COVID-19-response. Under the Emergency Management Chapter of the Texas Government Code, "the governor may issue executive orders, proclamations, and regulations and amend or rescind them. Executive orders, proclamations, and regulations have the force and effect of law." Tex. Gov't Code Ann. § 418.012 (West 2019).

[3] *Available at* https://tinyurl.com/v4pz99u. On March 24, 2020, the Texas Medical Board adopted an emergency rule to enforce the Executive Order. Under preexisting law, the Texas Medical Board could temporarily suspend or restrict a physician's license if the physician's "continuation in practice would constitute a continuing threat to the public welfare." 22 Tex. Admin. Code § 187.57(b). The Emergency Rule expands this basis for discipline to include "performance of a non-urgent elective surgery or procedure."

Because the Emergency Rule contains the same requirements to postpone surgeries and procedures that are not immediately necessary, Plaintiffs discuss the Emergency Rule together with the Executive Order.

[4] Defendants Greg Abbott, Governor of Texas, Ken Paxton, Attorney General of Texas, Phil Wilson, Acting Executive Commissioner of the Texas Health and Human Services Commission, Stephen Brint Carlton, Executive Director of the Texas Medical Board, Katherine A. Thomas, Executive Director of the Texas Board of Nursing, each in their official capacity, are referred to as "State Defendants."

3

Defendants responded March 30, 2020 (Clerk's Document No. 30), and Plaintiffs filed a Supplemental Statement In Support of Motion For Temporary Restraining Order the same day (Clerk's Document No. 29).

Plaintiffs argue that they have shown they are entitled to a temporary restraining order following the attorney general's press release. Plaintiffs interpret the press release as "suggesting that [the attorney general] believes continuing to provide *any* abortion care (other than for an immediate medical emergency) would violate the Executive Order, and as a warning to abortion providers that '[t]hose who violate the [Executive O]rder will be met with the full force of the law.'" The Executive Order provides that failure to comply is a criminal offense punishable by a fine of up to $1,000, confinement in jail for up to 180 days, or both fine and confinement. *See* Tex. Gov't Code Ann. § 418.173 (West 2019) ("Penalty for Violation of Emergency Management Plan"). These criminal penalties also trigger administrative enforcement provisions for the Texas Health and Human Services Commission, the Texas Medical Board, and the Texas Board of Nursing, each of which is authorized to pursue disciplinary action against licensees who violate criminal laws. *See* 25 Tex. Admin. Code §§ 139.32(b)(6), 135.24(a)(1)(F); 22 Tex. Admin. Code § 185.17(11); Tex. Occ. Code Ann. §§ 164.051(a)(2)(B), (a)(6); 301.452(b)(3), (b)(10).

Plaintiffs move for a temporary restraining order that restrains Defendants and their employees, agents, successors, and all others acting in concert or participating with them from enforcing the Executive Order and the Texas Medical Board's Emergency Rule as banning all medication abortions and procedural abortions.

The court, having considered the pleadings, the motion and supporting exhibits, the response, the applicable law, and arguments of counsel, finds and concludes for the specific reasons required

under Federal Rule of Civil Procedure 65(d) and Local Rule 65.01, that Plaintiffs have shown (1) a likelihood of success on the merits, (2) that they will suffer irreparable harm if temporary relief is not granted, (3) that the injury to Plaintiffs outweighs any harm the temporary relief might cause Defendants; and (4) that a temporary restraining order will not disserve the public interest. *See, e.g., Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) ("*Jackson I*"); *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

**Substantial likelihood of success on the merits**

Specifically, the court finds that Plaintiffs have established a substantial likelihood of success on the merits of their claim that the Executive Order, as interpreted by the attorney general, violates Plaintiffs' patients' Fourteenth Amendment rights, which derive from the Bill of Rights, by effectively banning all abortions before viability. *See Planned Parenthood v. Casey*, 505 U.S. 833, 848-49 (1992) (citing *Griswold v. Conn.*, 381 U.S. 479, 481-82(1965); *Roe v. Wade*, 410 U.S. 113, 153–54 (1973)). The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects a woman's right to choose abortion, *Roe v. Wade*, 410 U.S. 113, 153–54 (1973), and before fetal viability outside the womb, a state has *no interest* sufficient to justify an outright ban on abortions. *Roe*, 410 U.S. at 163–65; *see also Casey*, 505 U.S. at 846, 871 (1992) (reaffirming *Roe*'s "central principle" that "[b]efore viability, the State's interests are not strong enough to support a prohibition of abortion"); *Jackson Women's Health Org. v. Dobbs*, 951 F.3d 246, 248 (5th Cir. 2020) (per curiam) ("*Jackson III*"); *Jackson Women's Health Org. v. Dobbs*, 945 F.3d 265, 268–69 (5th Cir. 2019) ("*Jackson II*").

Under the attorney general's interpretation, the Executive Order either bans all non-emergency abortions in Texas or bans all non-emergency abortions in Texas starting at 10 weeks of

5

pregnancy, and even earlier among patients for whom medication abortion is not appropriate. Either interpretation amounts to a previability ban which contravenes Supreme Court precedent, including Roe. *See, e.g., Jackson III*, 951 F.3d at 248 (*ban* on abortions starting at six weeks). Previability abortion bans are "unconstitutional under Supreme Court precedent without resort to the undue burden balancing test." *Id.* States "may regulate abortion procedures prior to viability so long as they do not impose an undue burden on the woman's right, but they may not ban abortions." *Jackson II*, 945 F.3d at 269.

The State Defendants well describe the emergency facing this country at the present time. They do not overstate when they say, "Texas faces it worst public health emergency in over a century." The Executive Order, as written, does not exceed the governor's power to deal with the emergency. But the attorney general's interpretation of that order constitutes the threat of criminal penalties against those whose interpretation differs. Yes, the attorney general is not the enforcer of those penalties, but many of those who are charged with enforcement are named as defendants in this action. The court takes notice that the opinion or notion of the attorney general as to the breadth of a law, even if expressed informally, carries great weight with those who must enforce it.

Regarding a woman's right to a pre-fetal-viability abortion, the Supreme Court has spoken clearly. There can be no outright ban on such a procedure. This court will not speculate on whether the Supreme Court included a silent "except-in-a-national-emergency clause" in its previous writings on the issue. Only the Supreme Court may restrict the breadth of its rulings. The court will not predict what the Supreme Court will do if this case reaches that Court. For now, the State Defendants, and perhaps the others, agree that the Executive Order bans all pre-fetal-viability abortions. This is inconsistent with Supreme Court precedent. Plaintiffs have demonstrated a strong likelihood of success on the merits of their action.

**Plaintiffs will suffer irreparable harm**

Plaintiffs' patients will suffer serious and irreparable harm in the absence of a temporary restraining order. The attorney general's interpretation of the Executive Order prevents Texas women from exercising what the Supreme Court has declared is their fundamental constitutional right to terminate a pregnancy before a fetus is viable. It is well established that, upon a plaintiff's demonstrating a constitutional violation, no further irreparable injury is necessary. *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of [constitutional] freedoms . . . unquestionably constitutes irreparable injury."); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012); *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B Nov. 1981).

**The threatened injury to Plaintiffs outweigh any damage the temporary restraining order may cause Defendants**

A delay in obtaining abortion care causes irreparable harm by "result[ing] in the progression of a pregnancy to a stage at which an abortion would be less safe, and eventually illegal." *Planned Parenthood of Wis., Inc. v. Van Hollen*, 738 F.3d 796 (7th Cir. 2013). This "disruption or denial of . . . patients' health care cannot be undone after a trial on the merits." *Planned Parenthood of Kan. v. & Mid Mo. v. Andersen*, 882 F.3d 1205, 1236 (10th Cir. 2018). For some patients, such a delay will deprive them of any access to abortion. *See* Tex. Health & Safety Code Ann. § 171.044 (West 2017) (prohibiting abortions after 20 or more weeks post-fertilization age). The court finds that the threatened injury to Plaintiffs outweighs any damage the temporary restraining order may cause Defendants.

**Temporary restraining order will not disserve the public interest**

"The grant of an injunction will not disserve the public interest . . . when an injunction is designed to avoid constitutional deprivations." *Jackson's Woman's Health Org. v. Currier*, 940 F. Supp. 2d 416, 424 (S.D. Miss. 2013), *aff'd*, 760 F.3d 448 (5th Cir. 2014). Plaintiffs' requested relief will essentially continue the *status quo*, tipping the balance of equities toward Plaintiffs and serving the public interest. *Id.*; *United States v. Tex.*, 508 F.2d 98, 101 (5th Cir. 1975). The benefits of a limited potential reduction in the use of some personal protective equipment by abortion providers is outweighed by the harm of eliminating abortion access in the midst of a pandemic that increases the risks of continuing an unwanted pregnancy, as well as the risks of travelling to other states in search of time-sensitive medical care. The court finds that a temporary restraining order will not disserve the public interest.

The court concludes that Plaintiffs have shown that they are entitled to a temporary restraining order. Therefore,

**IT IS ORDERED** that Plaintiffs' Motion for Temporary Restraining Order filed March 25, 2020 (Clerk's Document No. 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants and their employees, agents, successors, and all others acting in concert or participating with them, are **TEMPORARILY RESTRAINED** from enforcing Executive Order GA-09, "Relating to hospital capacity during the COVID-19 disaster," and the Texas Medical Board's emergency amendment to Title 22 Texas Administrative Code section 187.57, as applied to medication abortions and procedural abortions.[5]

---

[5] Pursuant to an Agreed Stipulation for Non-Enforcement Pending Final Resolution, Attorneys Fees and Costs filed March 28, 2020 (Clerk's Document No. 25) this order does not apply to Defendant Brian Middleton, Criminal District Attorney for Fort Bend County.

**IT IS FURTHER ORDERED** that this Temporary Restraining Order shall expire on April 13, 2020 at 3:00 p.m. This order may be extended for good cause, pursuant to Federal Rule of Civil Procedure 65.

Plaintiffs have also moved for a preliminary injunction. Therefore,

**IT IS ORDERED** that the hearing on Plaintiffs' motion for a preliminary injunction is set for a telephonic hearing on April 13, 2020 at 9:30 a.m. Counsel and parties may call in to the court's conference line at (877) 873-8017, with Access Code 7996289.

Plaintiffs shall not be required to post a bond. *See Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996).

SIGNED at 3:00 p.m., this 30th day of March, 2020.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE